O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:16-CV-04174 (VEB)

MARISOL HURTADO DIAZ,

                Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

             Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2012, Plaintiff Marisol Hurtado Diaz applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Patricia L. McCabe, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 13). On June 6, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 26).

## II. BACKGROUND

Plaintiff applied for benefits on October 25 and 29, 2012, alleging disability beginning May 31, 2011. (T at 10).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 11, 2015, a hearing was held before ALJ Gail Reich. (T at 24). Plaintiff appeared with her attorney and testified. (T at 27-31). The ALJ also received testimony from Dr. Kweli Amusa, a medical expert, (T at 31-38, 40-49) and from Elizabeth Brown-Ramos, a vocational expert. (T at 38-40).

On March 25, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 7-22). The ALJ's decision became the

[2] Citations to ("T") refer to the administrative record at Docket No. 17.

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

Commissioner's final decision on April 8, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On June 10, 2016, Plaintiff, acting by and through her counsel, timely filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on November 22, 2016. (Docket No. 16). Plaintiff filed a supporting memorandum on February 24, 2017. (Docket No. 20). The Commissioner submitted a memorandum in opposition on May 8, 2017. (Docket No. 23). Plaintiff filed a reply in further support on May 19, 2017. (Docket No. 25).

After reviewing the pleadings, memoranda, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 31, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2014 (the "date last insured"). (T at 12).  The ALJ found that Plaintiff's degenerative disc disease of the lumbar spine was a "severe" impairment under the Act. (Tr. 12).

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 13).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR § 404.1567 (a) and 416.967 (a), except that she was precluded from work involving: frequent use of foot controls; any climbing, working at heights, or near hazards; more than occasional balancing, stooping, kneeling, crouching or crawling; any exposure to vibration; and any walking on uneven terrain. (T at 13).

The ALJ found that Plaintiff was capable of performing her past relevant work as a customer service telephone operator. (T at 16). In the alternative, the ALJ also found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exists in significant numbers in the national economy that Plaintiff can perform. (T at 16).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between May 31, 2011 (the alleged onset date) and March 25, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 17). As noted above, the ALJ's decision became the Commissioner's

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D.    Disputed Issues**

As set forth in her supporting memorandum (Docket No. 20, at p. 5), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.   First, she challenges the ALJ's assessment of the medical opinion evidence.    Second, Plaintiff challenges the ALJ's credibility determination.   Third, she asserts that the ALJ's step four analysis was flawed.   This Court will address each argument in turn.

## IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

## 1.     Treating Physician Opinions

Plaintiff treated with Dr. John Kayvanfar, an orthopedic surgeon, between August 2012 and January 2013. Although Dr. Kayvanfar did not offer an opinion as to Plaintiff's functional limitations, his treatment notes from August 2012 contained

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

significant clinical findings, including limited range of motion in the lumbar spine, tenderness in the upper extremities and thoracic spine, and marked paravertebral muscle spasm. (T at 442). Dr. Kayvanfar diagnosed chronic low back pain with L5-S1 right herniated disc; multiple myofasciitis cervical, elbow, thigh and hips, lateral compartment; facet tenderness in the neck and lower back, sacroiliac joint; and insomnia. (T at 442). In November of 2012, Dr. Kayvanfar reported that Plaintiff was "not responding to conservative treatment" and recommended surgery. (T at 438). In January of 2013, Dr. Kayvanfar explained that MRI and CAT scan results indicated a herniated disc with protrusion. (T at 434). In particular, Dr. Kayvanfar diagnosed a 7mm herniated disc in the lumbar spine based on the MRI results, but noted that the herniation "may be smaller." (T at 434).

Plaintiff treated with Dr. Todd Moldawer, an orthopedic surgeon Moldawer, on multiple occasions in 2013. In October 2013, Dr. completed a lumbar spine RFC questionnaire. Dr. Moldawer diagnosed herniated disc at L5-S1, causing "moderate to severe low back pain" and right leg pain. (T at 478). He opined that Plaintiff's pain and other symptoms were severe enough to constantly interfere with her attention and concentration. (T at 479). Dr. Moldawer reported that Plaintiff could sit for less than 2 hours in an 8-hour workday, stand for less than 2 hours in an 8-hour workday, and would need a job that permitted shifting positions at will and

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

taking unscheduled breaks. (T at 480). He opined that Plaintiff can occasionally lift/carry less than 10 pounds and rarely lift/carry 10 pounds. (T at 481). Per Dr. Moldawer, Plaintiff should never twist, stoop, crouch/squat, climb ladders, or climb stairs. (T at 481). Dr. Moldawer believed Plaintiff's impairments would cause her to be absent from work more than 4 days per month. (T at 481).

## 2.    Examining Physician Opinions

Dr. Mark Wellisch, an orthopedic surgeon, performed a consultative examination in February of 2013. Dr. Wellisch diagnosed probable degenerative disc disease without evidence for nerve root entrapment and deconditioned lumbar spine. (T at 453). He opined that Plaintiff could lift/carry 10 pounds occasionally and less than 10 pounds frequently; push/pull occasionally; walk or stand for 2 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. (T at 454).

Dr. Jared Niska, an orthopedic surgeon, performed a consultative examination in December of 2014. Dr. Niska opined that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk for 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. (T at 763). Dr. Niska stated that Plaintiff could bend, crouch, kneel, crawl, or stoop occasionally and climb, balance, walk on even terrain or work at heights occasionally. (T at 763). Dr. Niska also opined that Plaintiff had no overhead or manipulative restrictions. (T at 763).

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

### 3.    Non-Examining Medical Expert

Dr. Kweli Amusa, a medical expert, testified at the administrative hearing. Dr. Amusa reviewed the record and opined that Plaintiff retained the ability to perform light work between May 31, 2011 and June of 2013, and thereafter functioned at a level consistent with a reduced range of sedentary work. (T at 31-38).

### 4.    Analysis

The ALJ discussed the medical opinion evidence and explained that she gave "substantial weight" to the opinion of Dr. Amusa, the non-examining medical expert. (T at 15). It is also clear, by implication, that the ALJ did not accept the assessment of Dr. Moldawer, a treating physician, who assessed limitations inconsistent with even sedentary work. (T at 14-15, 478-81). However, the ALJ did not state what weight, if any, she gave Dr. Moldawer's opinion. It is likewise clear, by implication, that the ALJ credited the opinions of the consultative examiners, but she did not state how much weight she afforded to each of the opinions. Moreover, and more importantly, the ALJ did not adequately explain why more weight was given to the non-treating medical opinions.

In other words, it is obvious the ALJ assigned more weight to the non-treating physicians' opinions, notwithstanding the presumption in favor of treating physician assessments. Although this was within the ALJ's discretion, the decision to override

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

the treating physicians' assessment was not adequately explained or sufficiently supported. *See Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. Cal. 1994)("[W]e also hold that the ALJ committed a *legal* error when he failed to grant deference to the conclusions [of claimant's treating physician]…[The courts have] 'accorded deference to treating physicians precisely because they are the doctors with 'greater opportunity to observe and know the patient.'")(emphasis in original)(quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1993)).

For example, the ALJ cited the fact that "multiple examiners found no neurological deficits." (T at 15). This is technically true, but incomplete in an important respect. While some *non-treating* physicians found no neurological deficits, *both* treating doctors reported positive neurological deficits. (T at 434, 438, 442, 461, 468). The ALJ provided no rationale for crediting the examining physicians' findings, rather than the treating physicians' report.

In addition, the ALJ relied on Dr. Amusa's testimony that Plaintiff's MRI was the more definitive study of her condition. (T at 43). Dr. Amusa opined that the MRI showed less severe bulging and did not indicate nerve involvement. (T at 43). The ALJ used this testimony to support a conclusion that the MRI "shows a non-severe condition." (T at 15). However, the ALJ does not cite to the actual MRI report, which does not appear to be in the record. Moreover, both treating

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

physicians' refer to MRIs – Dr. Kayvanfar referenced a December 2012 MRI (T at 434); Dr. Moldawer cited a July 2013 MRI (T at 468-69) – without any indication that the MRI "show[ed] a non-severe condition," as the ALJ suggests.

Indeed, given that Dr. Moldawer reviewed the July 2013 MRI and nevertheless assessed disabling limitations in October 2013, it is likely he did not consider that MRI to indicate a nonsevere condition. In any event, the ALJ did not cite, or provide, any clarification as to what MRI she – or Dr. Amusa – was referring to. Further, the ALJ did not provide any explanation as to why the interpretation of Dr. Amusa, a non-examining review physician, should be given more weight than those provided by the treating physicians.

Finally, before rejecting Dr. Moldawer's assessment, the ALJ was obliged to consider the consistency between Dr. Moldawer's opinion and the clinical notes from Dr. Kayvanfar. The Commissioner states, correctly, that Dr. Kayvanfar did not provide an assessment of Plaintiff's functional limitations. However, it is difficult to read Dr. Kayvanfar's treatment notes and not draw the conclusion that Plaintiff is more limited than the findings of the consultative examiners and non-examining medical expert suggest. The ALJ was not *ipso facto* required to accept the treating physician assessments. However, the fact that Dr. Moldawer found disabling limitations, combined with the fact that these limitations seem generally consistent

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

with the treatment notes of Dr. Kayvanfar should have given the ALJ pause. At a minimum, if the ALJ decided to discount the opinion of a treating physician, whose assessment was consistent with his own treatment notes and with the clinical findings of another treating physician, the ALJ was bound to provide a through explanation supported by substantial evidence. No such explanation or support is found in this ALJ's decision.

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

For the reasons outlined above, a remand is required.

**B.      Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v.*

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

*Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She is 33 years old. (T at 27). She last worked in 2011 and lives with her 3 children and her mother. (T at 28, 30). Her mother provides assistance with childcare, shopping, and household chores. (T at 29). She uses a walker to ambulate, upon the recommendation of her physician. (T at 30). The record documents numerous complaints of significant low back pain, limitation of motion, and restrictions in activities of daily living. (T at 434, 442, 458, 461).

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

The ALJ did not explicitly engage in the required two-step analysis of Plaintiff's credibility. However, it can be inferred that the ALJ did not fully credit Plaintiff's subjective allegations regarding the intensity, persistence, and limiting effects of her symptoms. The ALJ's credibility analysis was flawed and needs to be revisited on remand.

First, the ALJ's failure to explicitly express the two-step analysis raises concern as to whether Plaintiff's credibility was properly analyzed. Second, the ALJ's errors with regard to the assessment of the medical opinion evidence, as outlined above, cast doubt on the credibility analysis, as the treating physicians' records appear generally consistent with Plaintiff's subjective complaints.

Third, the ALJ improperly discounted Plaintiff's credibility because she declined to undergo recommended back surgery, without any explicit consideration of Plaintiff's possible reasons for avoiding surgery. *See* SSR 96-7p; *see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

Fourth, the ALJ found that Plaintiff was "sole caregiver" for her children (T at 15) and used this as a basis to discount her claims of disabling pain. However, the

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

ALJ's finding is contradicted by Plaintiff's testimony that her mother lives with her and assists with childcare. (T at 29-30).

The ALJ's credibility determination cannot be sustained and needs to be revisited on remand.

## C.    Past Relevant Work

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).   At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work. Although claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

Here, the ALJ concluded that Plaintiff's past relevant work as a customer service operator did not require the performance of work-related activities precluded by her RFC. (T at 16). This finding, however, is undermined by the ALJ's errors in assessing Plaintiff's RFC, as outlined above. As such, this aspect of the ALJ's decision will likewise need to be revisited on remand.

**D.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. The ALJ's errors are outlined above. However, this Court finds that there are outstanding issues that must be resolved. The ALJ erred by failing to explain what weight was afforded to the treating and examining physicians' opinions and by failing to offer an adequate explanation for giving great weight to a non-examining opinion, when that opinion appeared to be inconsistent with the treatment notes and assessments. However, this Court cannot say for certain that an ALJ who properly

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174

analyzed and adequately explained the medical evidence would definitely find disability. As such, this Court finds remand for further proceedings to be the appropriate remedy. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 14th day of November 2017.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – HUTRADO DIAZ v BERRYHILL 2:16-CV-04174